UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:08-cr-0132-SEB-TAB |
| | ) | |
| MARC REEDER, | ) | - 15 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On January 10, and February 12, 2019, the Court held hearings on the Petition for Warrant or Summons for Offender Under Supervision filed on October 2, 2018, and the supplemental petition filed on January 23, 2019.  Defendant Reeder appeared in person with his appointed counsel William Dazey.  The government appeared by MaryAnn Mindrum, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer Marc McCleese.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Reeder of his rights and provided him with a copy of the petitions.  Defendant Reeder orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant Reeder admitted violation nos. 1, 2, 3, 4, 5, and 6.  [Docket Nos. 1236, and 1251.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"The defendant shall report to the probation in a manner and frequency directed by the court or probation officer."** |
| | Mr. Reeder failed to report to the probation office on September 17, 2018. On September 24, 2018, an appointment notice was left at the offender's residence, instructing him to report to the probation office on September 26, 2018. Mr. Reeder did not report as instructed. |
| 2 | **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."** |
| | On October 1, 2018, Mr. Reeder's employer was contacted, and the manager stated Mr. Reeder last reported to work on or around September 15, 2018. |
| 3 | **"The defendant shall not possess/use a computer unless he agrees to comply with the Computer Restriction and Monitoring Program at the direction of the probation officer. Monitoring will occur on a random or regular basis. The defendant shall advise the probation office of all computers available to him for use. Any computer or Internet-enabled device the defendant is found to have used and has not disclosed shall be considered contraband and may be confiscated by the probation officer. The defendant shall warn other occupants of the existence of the monitoring software placed on his computer."** |
| | On January 22, 2018, Mr. Reeder was in possession of two unauthorized Internet-enabled smart phones; to wit, an iPhone and LG phone. When located, Mr. Reeder admitted they were his and acknowledged he did not have authorization to possess. |
| 4 | **"The defendant shall not possess any pornography, erotica, or nude images. Any such material found in the defendant's possession shall be considered contraband and may be confiscated by the probation officer."** |
| | The contraband listed in violation number three was forensically examined by the Indiana State Police (ISP). After receiving the forensic analysis, the probation officer determined there were multiple pornographic images. This included a complete nude adult female, multiple images of younger females who were topless or in bathing suits. Additionally, the offender had a video he recorded in a laundry mat. In this video, Mr. Reeder is recording a prepubescent female while making provocative statements. |

    5        **"The defendant shall not possess any pornography, erotica, or nude images. Any such material found in the defendant's possession shall be considered contraband and may be confiscated by the probation officer."**

               Mr. Reeder failed to attend psychosexual treatment program on August 22, 2018, citing an illness. He attended treatment on August 29, 2018; however, he has failed to attend any treatment subsequent to that date.

    6        **"The defendant shall register as a sex offender with the appropriate authorities of any state in which he resides, is employed, or attends school."**

               After absconding from the Southern District of Indiana, Mr. Reeder was ultimately apprehended in New Mexico. There is no record that Mr. Reeder registered as a sex offender once he left the Southern District of Indiana.

4. The parties stipulated that:

    (a) The highest grade of violation is a Grade B violation.

    (b) Defendant's criminal history category is I.

    (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 4 to 10 months' imprisonment.

5. The parties jointly recommended a sentence of nineteen (19) months with lifetime supervised release to follow.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of nineteen (19) months with lifetime supervised release to follow. In addition to the mandatory conditions of supervision, the following conditions of supervised release will be imposed:

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons. (Supervised Release cases only)

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

12. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

13. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

Justification: These conditions are recommended to assist the probation officer in supervising the offender and facilitating re-entry into the community, as well as to promote respect for the law and reduce recidivism.

14. You shall pay the costs associated with the following imposed conditions of supervised release/probation, to the extent you are financially able to pay: [substance abuse treatment] [substance abuse testing] [mental health treatment] The probation officer shall determine your ability to pay and any schedule of payment.

15. You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer.

16. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

17. You shall submit to substance abuse testing to determine if you have used a prohibited substance or to determine compliance with substance abuse treatment. Testing may include no more than 8 drug tests per month. You shall not attempt to obstruct or tamper with the testing methods.

18. You shall not use or possess alcohol.

19. You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc.) that impair a person's physical or mental functioning, whether or not intended for human consumption.

Justification: The offender has a history of drug use and addiction. This condition will assist the probation office in monitoring the offender's compliance to conditions of supervised release.

20. You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution.

21. All employment shall be approved in advance by the probation officer.

Justification: The offender is a prior sex offender. This condition will assist the probation office in monitoring the offender's compliance to conditions of supervised release.

22. You shall not have unsupervised meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court. You shall not have supervised meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer.  Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision.

Justification: The offender is a prior sex offender. This condition will assist the probation office in monitoring the offender's compliance to conditions of supervised release.

23. You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, intentional communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court.

Justification: The offender is a prior sex offender. This condition will assist the probation office in monitoring the offender's compliance to conditions of supervised release.

24. You shall not participate in unsupervised meetings, intentional communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor, including any child pornography offense, except as disclosed to the probation officer and approved by the court. This condition is not intended to prevent you from participating in treatment programs or religious services with felons in such programs/services so long as the activity has been disclosed as described above.

Justification: The offender is a prior sex offender. This condition will assist the probation office in monitoring the offender's compliance to conditions of supervised release.

25. You shall not enter or remain at a place for the primary purpose of observing or contacting children under the age of 18.

Justification: The offender is a prior sex offender. This condition will assist the probation office in monitoring the offender's compliance to conditions of supervised release.

26. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct.  Other law enforcement may

assist as necessary.  You shall submit to the seizure of contraband found by the probation officer.  You shall warn other occupants these locations may be subject to searches.

Justification: The offender has a long history of using and possessing drugs. This condition will assist the probation office in monitoring the offender's compliance to conditions of supervised release.

27. You shall not possess any child pornography or visual depictions of child erotica or nude minors. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer.

Justification: The offender is a prior sex offender. This condition will assist the probation office in monitoring the offender's compliance to conditions of supervised release.

Defendant reviewed the foregoing conditions and they were reviewed by defendant with his attorney.  Defendant, on the record, waived reading of the above-noted conditions of supervised release.

The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties waived the fourteen-day period to object to the Report and Recommendation.

Date: 2/25/2019

_Doris L. Pryor_
Doris L. Pryor
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal