UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No.  1:08-cr-0132-SEB-TAB |
| | ) | |
| MARC REEDER, | ) | - 15 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On October 1, 21, and 22, 2021, the Court held hearings on the Petition for Warrant or Summons for Offender Under Supervision filed on June 17, 2021 [Dkt. 1409] and the Supplemental Petition for Warrant or Summons for Offender Under Supervision filed on September 16, 2021 [Dkt. 1416].  Defendant Reeder appeared in person with his appointed counsel Williams Dazey.  The government appeared by Adam Eakman, Assistant United States Attorney.  U. S. Parole and Probation appeared by Officer James Thomas.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1.      The Court advised Defendant Reeder of his rights and discussed the charges set forth in the Petition and the Supplemental Petition.  Defendant Reeder orally waived his right to reading of the Petition and the Supplemental Petition and to a preliminary hearing.

2.     After being placed under oath, Defendant Reeder admitted violation numbers 1, 2, 3, 4, 5, 6, and 7 as set forth in the Petition and the Supplemental Petition.  [Dkts.  1409 & 1416.]

3.     The allegations to which Defendant admitted, as fully set forth in the Petition and the Supplemental Petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis.  You will warn other occupants or users of the existence of the monitoring hardware or software.  To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment."** |
| | On February 26, 2021, a search was conducted at Mr. Reeder's home pursuant to his conditions of supervision. During the course of the search, the offender was found in possession of a smart-phone, which had not been approved. He indicated he knowingly purchased the phone without approval in August 2020. |
| 2 | **"You shall not knowingly leave the judicial district without the permission of the court or the probation officer."** |
| | On February 26, 2021, a search was conducted at Mr. Reeder's home pursuant to his conditions of supervision. During the course of the search, the offender was found in possession of a smart-phone. Upon searching this device, photographs were found indicating he had traveled outside the district. Mr. Reeder was questioned and admitted to traveling to Las Vegas, Nevada, in January 2021. |
| 3 | **"You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis.  You will warn other occupants or users of the existence of the monitoring hardware or software.  To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers,** |

and any hardware or software to the probation officer and may not access or use any undisclosed equipment."

On June 17, 2021, this officer was contacted by Mr. Reeder's case manager at the Volunteer's of America (VOA) indicating they had observed Mr. Reeder in possession of what appeared to be two Internet enabled devices via video in the facility. Staff at the facility confronted Mr. Reeder and found he was in possession of two devices, one of which was monitored by the probation officer and one of which was not approved or being monitored by the probation officer. The unapproved/unmonitored device was obtained by this officer and is being forensically reviewed.

4          **"You shall reside in a residential reentry center for a term of up to 180 days.  You shall abide by the rules and regulations of the facility."**

On June 16, 2021, Mr. Reeder left the residential reentry center to attend a medical appointment and was expected back at 1:00pm. As of the writing of this report, Mr. Reeder had failed to return to the facility and his whereabouts are unknown.

5          **"You must not commit another federal, state, or local crime."**

On August 24, 2021, Mr. Reeder fled from officers in a vehicle at a high rate of speed in the Indianapolis, Indiana, area to avoid being arrested on his supervised release violation warrant.  He attempted to elude officers for approximately an hour and was ultimately found hiding in the backyard of a home. Mr. Reeder was charged with Resisting Law Enforcement, a felony, under cause number 49D17-2108-F6-026351, which remains pending.

6          **"You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software.  To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment."**

On June 16, 2021, this officer, along with the assistance of Mr. Reeder's case manager at the Volunteers of America (VOA) conducted a cursory search of a seized unapproved/unmonitored device. This officer observed text communications between Mr. Reeder and a third party where he

advises the device in question was unmonitored and he should be contacted on it.

Additionally, on June 23, and August 24, 2021, Mr. Reeder contacted the monitoring company utilized by the probation office and attempted to have his monitoring software removed from his device. This device was last known to be in his possession when he absconded.

7       **"You must comply with the requirements of the Sex Offender Registration and Notification Act as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense."**

Mr. Reeder was residing at a residential reentry center (temporary housing) and required by Indiana State Law to update the sex offender registry on a weekly basis. On June 16, 2021, he absconded from the facility and his whereabouts were unknown. On September 15, 2021, the probation officer was informed by a local registration official from the Marion County, Indiana, Sheriff's Department, Mr. Reeder last reported to register on June 15, 2021. As a result, the matter is under investigation for a potential charge of Failure to Register as a Sex Offender.

4.    The Court finds that:

(a)    The highest grade of violation is a Grade B violation.

(b)    Defendant's criminal history category is I.

(c)    The range of imprisonment applicable upon revocation of supervised release, therefore, is 4 to 10 months' imprisonment.

5.    The parties jointly recommended a sentence of twenty-four (24) months incarceration followed by lifetime supervision.  The parties acknowledged that the proposed sentence was above the guideline range and justified that departure by noting that (a) violation no. 5 involved a high speed chase that placed law enforcement and members of the community in danger; (b) the Petition and the Supplemental Petition represent Defendant's second set of serious supervised release violations; and (c) the government has agreed to not seek to separately

4

prosecute Defendant on violation no. 7 in exchange for Defendant's agreement to the above guidelines sentence.

The Magistrate Judge, having considered the factors set forth in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions set forth in violations nos. 1 through 7 of the Petition and the Supplemental Petition, and recommends that Defendant's supervised release be revoked, and that Defendant be sentenced to the custody of the Attorney General or his designee for a period of twenty-four (24) months with lifetime supervised release to follow.  In addition to the mandatory conditions of supervision, the following conditions of supervised release should be imposed:

1. You shall report to the probation office in the judicial district to which you are released within 72 hours of release from the custody of the Bureau of Prisons.

2. You shall report to the probation officer in a manner and frequency directed by the court or probation officer.

3. You shall permit a probation officer to visit you at a reasonable time at home, or another place where the officer may legitimately enter by right or consent, and shall permit confiscation of any contraband observed in plain view of the probation officer.

4. You shall not knowingly leave the judicial district without the permission of the court or probation officer.

5. You shall answer truthfully the inquiries by the probation officer, subject to your 5th Amendment privilege.

6. You shall not meet, communicate, or otherwise interact with a person you know to be engaged, or planning to be engaged, in criminal activity. You shall report any contact with persons you know to be convicted felons to your probation officer within 72 hours of the contact.

7. You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change.

8. You shall not own, possess, or have access to a firearm, ammunition, destructive device or dangerous weapon.

9. You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer.

10. You shall maintain lawful full time employment, unless excused by the probation officer for schooling, vocational training, or other reasons that prevent lawful employment.

11. As directed by the probation officer, you shall notify third parties who may be impacted by the nature of the conduct underlying your current or prior offense(s) of conviction and/or shall permit the probation officer to make such notifications and/or confirm your compliance with this requirement.

12. You shall make a good faith effort to follow instructions of the probation officer necessary to ensure compliance with the conditions of supervision.

13. You shall not use or possess any controlled substances prohibited by applicable state or federal law, unless authorized to do so by a valid prescription from a licensed medical practitioner. You shall follow the prescription instructions regarding frequency and dosage.

Justification: Conditions 1 -13, are recommended to assist the probation officer in supervising the offender and to ensure the safety of the community. Given the nature of the instant offense, and accompanied by his violation behavior while on supervised release, the aforementioned conditions are justified.

14. You shall provide the probation officer access to any requested financial information and shall authorize the release of that information to the U.S. Attorney's Office for use in connection with the collection of any outstanding fines and/or restitution.

15. You shall not have unsupervised meetings, activities, or visits, or intentional communications with any minor unless they have been disclosed to the probation officer and approved by the court. You shall not have supervised meetings, activities, visits, or intentional communications with any minor unless they have been approved by the probation officer. Before you may request approval for such meetings, activities, visits, or intentional communications (unsupervised or supervised), you must notify the person(s) having custody of any such minor(s) about the conviction in this case and the fact that you are under supervision.

16. You shall not be employed in any position or participate as a volunteer in any activity that involves unsupervised meetings, intentional communications, activities, or visits with minors except as disclosed to the probation officer and approved by the court.

17. You shall not participate in unsupervised meetings, intentional communications, activities, or visits with persons you know to be a registered sex offender or to have been convicted of a felony sex offense involving an adult or minor, including any child pornography offense, except as disclosed to the probation officer and approved by the court. This condition is not intended to prevent you from participating in treatment programs or religious services with felons in such programs/services so long as the activity has been disclosed as described above.

18. You shall not enter or remain at a place for the primary purpose of observing or contacting children under the age of 18.

19. You shall submit to the search by the probation officer of your person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the probation officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving you and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. You shall submit to the seizure of contraband found by the probation officer.  You shall warn other occupants these locations may be subject to searches.

20. You shall not possess any child pornography or visual depictions of child erotica or nude minors. Any such material found in your possession shall be considered contraband and will be confiscated by the probation officer.

21. You shall pay the costs associated with the following imposed conditions of supervised release/probation, to the extent you are financially able to pay: sexual disorder assessment/treatment, physiological testing, and computer monitoring systems. The probation officer shall determine your ability to pay and any schedule of payment.

22. You shall participate in a program of treatment for sexual disorders, including periodic polygraph examinations, as directed by the probation officer. The treatment provider should determine the type and timing of such polygraph examinations. The court authorizes the release of the presentence report and available psychological evaluations to the treatment provider, as approved by the probation officer.

23. You shall consent, at the direction of the probation officer, to having installed on your computer(s), telephone(s), electronic devices, and any hardware or software, systems to monitor your use of these items. Monitoring will occur on a random and/or regular basis. You will warn other occupants or users of the existence of the monitoring hardware or software. To promote the effectiveness of this monitoring, you shall disclose in advance all cellular phones, electronic devices, computers, and any hardware or software to the probation officer and may not access or use any undisclosed equipment.

Justification: Conditions 14 -23: These conditions are recommended given the nature of the offender's instant offense, which includes his possession of child pornography, and are necessary to assist in community safety.

Defendant reviewed the foregoing conditions and they were reviewed by defendant with his attorney.  Defendant, on the record, waived reading of the above-noted conditions of supervised release.  Defendant is to be taken into immediate custody.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties waived the fourteen-day period to object to this Report and Recommendation.

Dated:  25 OCT 2021

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system